William Joseph Goulette
1000 Strong Lane
Columbia Falls, MT  59912
603-801-1513
bgoulette@gmail.com



*RECEIVED*

DEC 19 2024

Clerk, U.S. Courts
District of Montana
Missoula Division

## UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF MONTANA

WILLIAM J GOULETTE,

            Petitioner

vs

UNITED WHOLESALE MORTGAGE LLC,

            Defendant

_____

CASE NO: _____

**VERIFIED COMPLAINT FOR BREACH
OF CONTRACT/NON-PERFORMANCE**

## VERIFIED CLAIM

NOW COMES Petitioner William J Goulette, filing this COMPLAINT FOR BREACH OF CONTRACT/NON-PERFORMANCE against United Wholesale Mortgage LLC, Defendant. Petitioner appears pro se, invoking the principle that pro se pleadings are held to less stringent standards Haines v. Kerner, 404 U.S. 519, 520 (1972). Further, Petitioner believes that this Court

has a responsibility and legal duty to protect any and all of Petitioner's constitutional, equitable, due process, and statutory rights. Petitioner alleges the following:

## I.
## PARTY(S)

1. Petitioner currently has domicil in Montana with address 1000 Strong Lane Columbia Falls, MT 59912, and conducts business in Montana.

2. United Wholesale Mortgage LLC, Defendant, is registered as a "Foreign Limited Liability Company" incorporated and has its headquarters/principal place of business in the State of Michigan with address 585 South Blvd E, Pontiac, MI 48341, see 28 U.S. Code § 1332(c) and does business in the State of Montana.

3. United Wholesale Mortgage LLC, hereinafter "Defendant", may be served through its Registered Agent, C T Corporation System, located at 3011 American Way, Missoula, Montana 59808.

## II.
## JURISDICTION AND VENUE

4. Petitioner re-alleges paragraphs 1 through 3 above as fully incorporated herein.

5. The basis for federal jurisdiction in this matter is 28 U.S. Code § 1332 which pertains to diversity of citizenship and the amount in controversy.

6. For the purpose of diversity jurisdiction, Petitioner currently has domicil and conducts business in Montana; while Defendant is a citizen of the State of Michigan, the state where it is incorporated and has its headquarters/principal place of business, see 28 U.S. Code § 1332(c) and does business in the State of Montana.

7. For the purpose of the amount in controversy, the monetary value of Petitioner's claim does exceed $75,000.00.

VERIFIED COMPLAINT FOR BREACH OF CONTRACT/NON-PERFORMANCE

8. Clause 16 of the Contract, the governing law clause, specifies that the agreement "shall be governed by federal law and the law of the jurisdiction in which the Property is located," and creates an interesting interplay between federal and state law. The use of the term "AND" suggests a dual framework: the Contract is subject both to federal law and to the law of the specific jurisdiction (New Hampshire in this case) unless there is a conflict between the two.

9. The argument for federal court jurisdiction is supported by several points:

   (a) Federal Law as Primary: Since the Contract explicitly invokes federal law first, this establishes federal law as the primary governing standard. As such, federal law may be deemed to govern overarching issues under the Contract, especially in areas where federal interests are implicated or where federal statutes or regulations provide the controlling framework.

   (b) Dual Jurisdictional Influence: The reference to the law of the jurisdiction in which the property is located (New Hampshire) also introduces the possibility of state law applying in certain areas. However, in cases of conflict between federal and state law, federal law generally prevails under the Supremacy Clause of the U.S. Constitution. This means that, where federal law provides a clear rule or standard, it will take precedence over any state law provisions that conflict with it.

   (c) Equitable Principles and Federal Standards: The Contract's incorporation of federal law suggests an intention for the resolution of disputes under federal standards, which may encompass broader equitable principles, such as those found in federal Contract law or other applicable areas of

VERIFIED COMPLAINT FOR BREACH OF CONTRACT/NON-PERFORMANCE

federal regulation. This would support the argument that the matter should be adjudicated under federal jurisdiction if the case involves federal questions or federal statutes.

(d) Absence of Conflict with New Hampshire Law: Since the clause allows for the application of New Hampshire law, but only in a way that does not conflict with federal law, the argument for federal jurisdiction becomes stronger if the issues at hand are primarily governed by federal law. In the absence of any significant conflict between the two legal systems, New Hampshire law can still apply to subsidiary issues that are not preempted by federal law.

10. All Parties to this action are properly before this Court; and this Court is vested with Jurisdiction over the Parties.

### III.
### STATEMENT OF FACTS

11. Petitioner re-alleges paragraphs 1 through 10 above as fully incorporated herein.

12. This is not an "in rem" action and may not be construed as such.

13. This is an "in personam" action for Breach of Contract/Non-Performance by a Defendant within the District Of Montana.

14. Satisfaction of Debt: On March 3, 2015, the Federal National Mortgage Association (FNMA) fully satisfied the debt secured by the Contract. This is supported by:

(a) Defendant's Correspondence: A letter dated July 13, 2023, from Defendant acknowledges FNMA holds the Note, affirming the satisfaction of the debt (Exhibit 1)

VERIFIED COMPLAINT FOR BREACH OF CONTRACT/NON-PERFORMANCE

(b) Forensic Accounting: The Esquivel Affidavit, prepared by licensed investigator Joseph Esquivel State of Texas License # A20449, outlines a 'Premium Price Payment' made by FNMA to the Defendant on the specified date (Exhibit 2).

15. Breach of Contract: Defendant breached its obligations under Clause 23 of the Contract (Exhibit 3), which requires the Lender to:

(a) Record the discharge of the security instrument within 60 days of the debt being satisfied.

(b) Provide written confirmation of the discharge to Petitioner of the final payment.

16. Notice of Claim and Bill for Acceptance (August 1, 2024) Petitioner issued a Notice of Claim to the Defendant (Exhibit 4), stating that failure to cure the breach within 10 days would:

(a) Waive all rights to administrative remedy and defenses in court.

(b) Constitute informed consent to immediate legal action.

17. Notice of Dishonor and Opportunity to Cure (August 20, 2024) A second notice (Exhibit 5) reiterated that continued failure to cure within 10 days would:

(a) Waive all rights to administrative remedy and defenses in court.

(b) Constitute informed consent to immediate legal action.

18. Notice of Default Judgment (September 2, 2024) Petitioner issued a final notice (Exhibit 6) declaring Defendant's continued silence or refusal to act as:

(a) Evidence of dishonor under UCC § 3-505.

(b) Grounds for an uncontested judgment based on relevant facts and law.

VERIFIED COMPLAINT FOR BREACH OF CONTRACT/NON-PERFORMANCE

## IV.
## DAMAGES

19. Petitioner re-alleges paragraphs 1 through 18 above as fully incorporated herein.

20. Petitioner seeks the following damages as a result of Defendant's Breach of Contract and unlawful conduct:

1. Breach of Contract Penalty in the amount of $259,000.00. This penalty reflects the financial harm caused by Defendant's failure to perform its Contractual obligations and to cure the breach within the time period provided in the Notice of Claim. Under the terms of the Contract, as well as applicable law, Defendant's failure to cure within the required timeframe entitles Petitioner to recover this penalty as a consequence of Defendant's breach. This penalty is calculated based on the financial impact of Defendant's breach and failure to perform as agreed[1].

2. Petitioner seeks compensation for damages suffered because of Defendant's breach, specifically, the continued payments made by Petitioner for years after the breach was committed. Petitioner was unaware that Defendant had failed to fulfill its Contractual obligations until recently and, as a result, Petitioner has suffered financial loss in the amount of $116,920.00. This amount reflects the overpayments made amount for services that Defendant failed to properly provide, as well as any interest, $1,806,430.48 see amortization (Exhibit 7)

---

[1] In *United States v.Bethlehem Steel Co., 205 U.S. 105 (1907),* the Supreme Court upheld the enforceability of a liquidated damages provision, holding that such penalties are valid when they reflect a reasonable estimate of anticipated damages at the time of contracting and are not punitive in nature. The court emphasized that liquidated damages clauses help address situations where actual damages are difficult to quantify and ensure that parties are compensated for the harm caused by a breach. Additionally, the Restatement (Second) of Contracts § 356 supports the enforcement of such penalties when they are reasonable and directly tied to the anticipated or actual harm caused by the breach.

VERIFIED COMPLAINT FOR BREACH OF CONTRACT/NON-PERFORMANCE

attached, or additional costs incurred as a result of Defendant's breach[2]. Total damages to date is $1,923,350.48 and ongoing.

3. Petitioner further claims a conspiracy to commit fraud penalty in the amount of $777,000.00.  Petitioner asserts that Defendant, by repeatedly breaching all Contracts in a similar manner, has engaged in a pattern of unlawful conduct that amounts to a conspiracy to commit fraud. Defendant's actions were intentional and designed to defraud Petitioner and other customers by misrepresenting the status of Contracts and withholding material information about their performance. This penalty is intended to address the systemic nature of Defendant's conduct and the harm caused to multiple parties over time[3].

4. Petitioner seeks punitive damages in the amount of $10,000,000.00. Given that Defendant is a large corporation with a net worth exceeding $12 billion, Petitioner asserts that this amount is necessary to punish Defendant for its willful, egregious, and unlawful conduct, as well as to deter future misconduct. Punitive damages are warranted in this case due to the reckless disregard Defendant has shown for its obligations under the Contract, as well as its systematic and intentional conduct in repeatedly breaching Contracts with other parties in the same manner[4].

---

[2] Under Montana Contract law, a party is entitled to damages for overpayment under a breached Contract. In *Tacke v. Great Falls Wrecker Service, Inc., 149 Mont. 388 (1977),* the Montana Supreme Court held that a party who continues to pay for services that were not provided or properly performed may recover the amounts paid in excess of the agreed-upon consideration. Petitioner's overpayment is recoverable because it was caused directly by Defendant's failure to perform.

[3] Supporting Case Law: In Montana State Fund v. California Casualty Ins. Co., 2009 MT 299 (Mont. 2009), the Montana Supreme Court held that conspiracy to commit fraud claims could result in penalties for the pattern of conduct, as such actions harm multiple parties and undermine trust in contractual relationships. Additionally, Montana law allows for the imposition of penalties to deter fraudulent practices and to provide compensation for the collective harm caused by the conspiracy.

[4] Montana courts have long recognized that punitive damages may be awarded when the defendant's actions demonstrate actual malice or a conscious disregard for the rights of others. Under *Maloney v. Home and Investment Center, Inc., 2000 MT 34, 994 P.2d 1124,* the Montana Supreme Court held that punitive damages serve to punish egregious conduct and deter such behavior in the future. The court emphasized that punitive damages are appropriate when the defendant's actions are intentional, willful, or malicious.

VERIFIED COMPLAINT FOR BREACH OF CONTRACT/NON-PERFORMANCE

In total, Petitioner seeks damages in the following amounts:

- Breach of Contract Penalty: $259,000.00; and,

- Damages Suffered from Overpayments: $116,920.00; and,

- Damages in Investment Loss: $1,923,350.48; and,

- Conspiracy to Commit Fraud Penalty: $777,000.00; and,

- Punitive Damages: $10,000,000.00.

These amounts represent the direct and indirect harm caused by Defendant's breach of Contract, systemic fraudulent conduct, and willful disregard for its obligations. Petitioner requests that the Court award these damages, as they are necessary to fully compensate for the harm suffered and to deter Defendant, a company with a net worth that exceeds $12 Billion, from engaging in similar conduct in the future.

## V.
## <u>REQUEST FOR REMEDY/RELIEF</u>

WHEREFORE, Petitioner respectfully requests that the Court grant the following relief:

1. Award of Damages - Petitioner respectfully requests that the Court award the following damages as a direct result of Defendant's breach of Contract and wrongful conduct:

   (a) Breach of Contract Penalty in the amount of $259,000.00; and,

   (b) Damages suffered from overpayments in the amount of 116,920.00; and,

---

"Punitive damages are appropriate when the defendant has acted with deliberate disregard of the known risks and has engaged in actions designed to harm the plaintiff or others."

Furthermore, in *Maloney v. Home and Investment Center, Inc., 2000 MT 34, 994 P.2d 1124*, the Montana Supreme Court upheld punitive damages awards where the defendant's actions demonstrated actual malice or a willful disregard for the rights of others. The court emphasized that punitive damages serve both to punish egregious misconduct and to deter similar actions in the future. Punitive damages are particularly warranted when the defendant's conduct involves fraudulent intent, gross negligence, or a deliberate breach of obligations.

Additionally, *Wadsworth v. State Farm Mut. Auto. Ins. Co., 2016 MT 273, 385 Mont. 133, 380 P.3d 1084*, the court reinforced that punitive damages are appropriate when the defendant acts with intentional disregard for the rights others or engages in deceptive practices. Montana Code Annotated § 27-1-221 explicitly permits punitive damages in cases of actual fraud or actual malice, providing a clear statutory basis for such awards.

(c) Damages in Investment Loss: $1,923,350.48; and,

(d) Conspiracy to commit fraud penalty in the amount of $777,000.00; and,

(e) Punitive damages in the amount of $10,000,000.00.

2. Specific Performance – Petitioner respectfully requests that the Court order Defendant to cure the breach of the Contract by fully complying with the obligations outlined in Clause 23 of the Contract, which requires Defendant, as the Lender, to:

(a) Record the discharge of the security instrument; and,

(b) Provide written confirmation of the discharge, to the Court and Petitioner, confirming that the debt has been fully satisfied and that the security instrument has been discharged.

3. Petitioner also seeks any additional relief the Court deems just and proper, including:

(a) An award of interest on the damages in accordance with applicable law; and,

(b) An award of costs and attorneys' fees incurred in pursuing this action, including the costs of preparing and filing the Complaint and other necessary legal documents, as authorized under the terms of the Contract and applicable law; and,

(c) Any injunctive relief necessary to prevent Defendant from continuing its unlawful conduct and to ensure full compliance with the terms of the Contract, including specific performance of the obligations set forth in Clause 23.

4. Declaratory Relief - Petitioner requests that the Court issue a declaratory judgment confirming that:

VERIFIED COMPLAINT FOR BREACH OF CONTRACT/NON-PERFORMANCE

(a) Defendant's obligations under Clause 23 include recording the discharge of the mortgage and providing written confirmation once the debt is satisfied

(b) FNMA's payment, as accepted by Defendant, extinguished all obligations under Montana Code Annotated § 30-3-311, New Hampshire Revised Statutes Annotated § 382-A:3-311, and case law, including *Kapor v. RJC Investment, Inc.*, *Koehm v. Kuhn*, and *Burke Co. v. Hilton Development Co.*

(c) Defendant's failure to record the discharge and provide confirmation constitutes a breach of contract.

5. Petitioner prays that the Court grant the requested remedies and relief, including the award of damages, specific performance to cure the breach of Contract, and any additional relief as deemed just and proper to fully address the harm caused by Defendant's wrongful conduct. Petitioner also prays that the Court enjoin Defendant from further breaches and enforce the clear and unambiguous terms of the Contract as written.

## VI.
## VERIFICATION

Under **Federal Rule of Civil Procedure 11**, Petitioner hereby affirms and verifies that the statements contained in this Verified Complaint are true and accurate to the best of Petitioner's knowledge, information, and belief. Petitioner further certifies the following:

1. **Good Faith Filing -** Petitioner affirms that this Complaint is not being filed for an improper purpose, such as to harass, cause unnecessary delay, or increase the burden of the Court or the costs of litigation unnecessarily. Petitioner affirms that this action is not an abuse of the judicial process and is filed in good faith.

2. **Legitimate Legal Basis -** Petitioner affirms that this Complaint is based on a legitimate legal or factual basis and has a reasonable basis in law. The allegations set forth in the

Complaint are not frivolous, and the Complaint is filed in good faith for the purpose of seeking redress for Defendant's breach of Contract and unlawful conduct.

3. **Evidentiary Support** - Petitioner affirms that all factual assertions made in the Complaint are supported by evidence that Petitioner can present in Court if necessary. Petitioner verifies that the Complaint is backed by facts that can be substantiated through evidence and that these facts are not based on mere speculation, conjecture, or unverified assertions.

4. **No Abuse of Process** - Petitioner affirms that the Complaint has been filed with the purpose of pursuing a legitimate legal claim and is not intended to cause harm to the opposing party or to misuse the judicial system in any way. Petitioner certifies that the Complaint adheres to the standards set forth in Rule 11, ensuring that it has not been filed for an improper purpose.

5. **Compliance with Rule 11** - Petitioner verifies that this Verified Complaint complies with the requirements set forth in **Federal Rule of Civil Procedure 11**. The factual contentions contained herein are supported by evidence, and the legal arguments are based on current existing law or, where appropriate, non-frivolous arguments for the extension, modification, or reversal of existing law.

**Signature**

Petitioner hereby affirms, under penalty of perjury, that the contents of this Verified Complaint are true and correct to the best of their knowledge, information, and belief.

Respectfully submitted,

Executed this 19 day of December, 2024

By: /s/
For: WILLIAM J GOULETTE

VERIFIED COMPLAINT FOR BREACH OF CONTRACT/NON-PERFORMANCE