IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILLIAM J. GOULETTE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED WHOLESALE MORTGAGE, LLC,<br><br>Defendant. | CV 24–175–M–DWM<br><br><br>ORDER |

On December 19, 2024, Plaintiff William Goulette, proceeding pro se, filed suit against Defendant United Wholesale Mortgage, LLC ("United Wholesale"), alleging that United Wholesale breached a mortgage contract between the two parties governing real property located in Milford, New Hampshire. (*See generally* Docs. 1, 1-2; *see also* Doc. 8 at 2–3.) Little background information is available. Although not presented in a narrative form, it appears that Goulette alleges that he satisfied the mortgage on his property in March 2015 but that United Wholesale failed to discharge the debt despite repeated notice that it had been satisfied. (*See* Doc. 1 at ¶¶ 14–18.) For "damages as a result of [United Wholesale]'s Breach of Contract and unlawful conduct," Goulette seeks compensatory damages in the amount of $2,299,270.48, "fraud damages" in the amount of $777,000, and

1

punitive damages in the amount of $10,000,000. (*See id.* ¶ 20.) He also seeks specific performance in the form of an order requiring United Wholesale to "[r]ecord the discharge of the security instrument" and provide notice to that effect. (*Id.* at 9.) He also seeks an award of fees and costs, "[a]ny injunctive relief necessary to prevent [United Wholesale] from continuing its unlawful conduct and to ensure full compliance with the terms of the Contract . . . .", and a written declaration reflecting the above requests. (*Id.* at 9–10.)

In his Verified Complaint, Goulette invokes federal diversity jurisdiction on the basis that he is a citizen of Montana and United Wholesale is a Michigan corporation. (*See* Doc. 1 at ¶¶ 2, 3, 6.) According to Goulette, this is not an "in rem" action but rather "an 'in personam' action for Breach of Contract/Non-Performance by [United Wholesale] within the District of Montana." (*Id.* at ¶¶ 12,13.) United Wholesale seeks to dismiss this matter under the "local action doctrine" for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 7.) That motion is granted.

ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction" and may only hear cases authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

2

A court has subject matter jurisdiction over claims that "aris[e] under the Constitution, laws, or treaties of the United States" and over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. §§ 1331, 1332. Because jurisdiction is limited, it is "presumed that a cause lies outside" of it, and the burden of establishing jurisdiction falls on the party asserting it. *Kokkonen*, 511 U.S. at 377.

United Wholesale argues that this Court lacks subject matter jurisdiction based on the "local action" doctrine, which holds that certain suits "directly operating on real property or personal actions closely connected with real property" must be brought where the real property is located. *Eldee-K Rental Props., Ltd. Liab. Co. v. DIRECTV, Inc.*, 748 F.3d 943, 946 (9th Cir. 2014). As such, the "local action" doctrine is recognized as a constraint on the subject matter jurisdiction of federal courts. *See id.* However, the doctrine is to be applied narrowly and only to actions that are "local" in character as opposed to "transitory." *Id.* at 947. Transitory actions are cases which "might have taken place anywhere," and generally encompass causes of action and requests for relief that are personal in nature rather than tied to land. *Id.* (quoting *Livingston v. Jefferson*, 15 F. Cas. 660, 664–65 (C.C.D. Va. 1811)); *see also Stone v. United States*, 167 U.S. 178, 183 (1897); *Ellenwood v. Marietta Chair Co.*, 158 U.S. 105,

3

108 (1895). Claims regarding an interest in "immovable property," however, are "usually treated as a '*local*' action that could be brought only in the jurisdiction where the property [is] located." *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 128 (2023). Courts "look to state law" to determine "which types of action are . . . local in nature." *Eldee-K*, 748 F.3d at 951. However, the question remains one of jurisdiction even if state law treats this issue as a matter of venue. *Id.*

Here, United Wholesale argues that dismissal is required because, despite Goulette's characterization of this suit as in personam, this action "arises from a dispute affecting interests and/or title in real property located in New Hampshire." (Doc. 7 at 1; *see* Doc. 8.) In response, Goulette insists that United Wholesale's motion is procedurally defective because (1) United Wholesale did not first file an answer and (2) United Wholesale failed to raise the issue as one of venue so has therefore waived it. Goulette further argues that United Wholesale's motion fails on the merits because the gravamen of his Verified Complaint is a breach of contract claim, which is inherently transitory in nature. Goulette's arguments[1] lack merit and are discussed in turn below.

---

[1] In responding to United Wholesale's motion, Goulette did not comply with Local Rule 7.1, which permits only a single response brief filed 21 days after the motion. *See* D. Mont. L.R. 7.1(d)(1)(B), (D). Goulette filed an "Objection," (Doc. 9); a "Brief in Support of Objection," (Doc. 10); a "Response to Defendant's Reply," (Doc. 14); a "Supplemental Brief Regarding Venue," (Doc. 15); and a duplicative "Response to Defendant's Reply," (Doc. 16). While all these filings were considered in resolving the present motion, "*pro se* litigants are not excused from

4

I.   **Procedural Defects**

As a threshold issue, Goulette argues that United Wholesale's motion is procedurally deficient because United Wholesale failed to file an answer and United Wholesale failed to raise the issue as one of venue and therefore waived it. Neither argument has merit.

First, because United Wholesale filed a motion under Rule 12(b), it is not yet required to file an answer. Rule 12(a) states that "[u]nless another time is specified by this rule or a federal statute, . . . [a] defendant must serve an answer[] . . . within 21 days after being served with the summons and complaint." Fed. R. Civ. P. (12(a)(1)(A)(i). However, Rule 12(a) goes on to state that "serving a motion under this rule alters these periods" and that "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after the court's action." Fed. R. Civ. P. 12(a)(4)(A). Because United Wholesale filed a Rule 12 motion within the time permitted to respond to Goulette's Verified Complaint, its motion was properly filed and delayed the deadline to answer. As that motion has not been disposed of, an answer is not yet due.

Second, the Ninth Circuit has explicitly addressed the issue of venue versus jurisdiction in the local action context. As explained in *Eldee-K*, "[v]enue and

---

following court rules." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997).

5

subject matter jurisdiction are distinct concepts, and Congress's rejection of the local action doctrine in the venue context does not overrule the Supreme Court's prior determination that the local action doctrine is jurisdictional." 748 F.3d at 949 (referring to 28 U.S.C. § 1391(a)(2) ("Except as otherwise provided by law— . . . the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.")). That holds true even if state law views the nature of a dispute as a venue issue. *See id.* at 951. Federal courts "look to state law only for a determination of which types of actions are deemed to be local in nature, but state law does not control the effect of such a determination on [the federal court's] jurisdiction." *Id.* Since the issue here is one of jurisdiction and not venue, dismissal, not transfer, is the appropriate remedy. *See Eldee-K*, 748 F.3d at 953.

## II. Local Action Doctrine

Under Montana law, whether an action is local or transitory is a question of venue and matters regarding real property are generally considered local while contractual disputes are generally considered transitory. To wit, "[t]he proper place of trial for [an action] . . . for the recovery of real property or of an estate or an interest therein or for the determination, in any form, of such right or interest . . . [,] for the foreclosure of all liens and mortgages on real property," and "for the recovery of the possession of, quieting title to, or the enforcement of liens upon

6

real property" is "the county in which the subject of the action or some part thereof is situated." Mont. Code Ann. § 25–2–123(1)(a), (d); § 25–2–123(3). In contrast, "[t]he proper place for trial for actions upon contract is either[] . . . the county in which the defendants, or any of them, reside at the commencement of the action[] or . . . the county in which the contract was to be performed. Mont. Code Ann. § 25–2–121(1). More specifically as it relates to contracts regarding real property, however, the Montana Supreme Court has explained:

> While in general a contract may be said to be governed by the law of the state where it was made and where it was to have been performed, it does not follow that the courts of that state have exclusive jurisdiction of an action thereon; especially is such result impossible where the contract affects the title to property in another state and thus manifestly must be litigated there. In such case the action is said to be local in the sense of being peculiarly within the jurisdiction of the state where the land is situated rather than in the state where the contract was made or the cause of action accrued.

*Hogevoll v. Hogevoll*, 162 P.2d 218, 222–23 (Mont. 1945), *superseded on other grounds by* the Uniform Enforcement of Foreign Judgments Act, Mont. Code Ann. §§ 27–2–201, et seq.

Here, Goulette has taken pains to label his cause of action as a breach of contract action as opposed to a dispute over real property. (*See* Doc. 1 at ¶¶ 12–13.) However, as argued by United Wholesale, "[t]he contract at issue secures a real property transaction," and "Section 25–2–123, MCA, unambiguously states that when real property is at issue, proper venue is the county in which the property

is located." *St. Bank of Townsend v. Worline*, 738 P.2d 1295, 1298 (Mont. 1987) (addressing an interpleader complaint). No county in Montana is delineated in the mortgage contract as the place of performance and no act related to that mortgage was to take place in Montana. Rather, the substance of Goulette's claim relates to rights and interest in real property located in New Hampshire.

The relief sought by Goulette further supports the conclusion that the substance of Goulette's claim is to adjudicate his interest in real property. In his Verified Complaint, Goulette asks that United Wholesale be forced to record a discharge of the debt on the New Hampshire property at issue. (*See* Doc. 1 at 9.) While Goulette attempts to make the issue a broader question of breach of contract, the only injury he claims to have suffered is a denial of his satisfied interest in the specific piece of real property governed by the mortgage contract. That claim is inherently local in nature. In *Beavers v. Rankin*, for example, the Montana Supreme Court rejected the plaintiff's characterization of his claims as transitory where he sought to "remove a cloud on the title" of his oil and gas leases "created by the [opposing party], due to the failure of the [opposing party] to release his forfeited lease." 385 P.2d 640, 641 (Mont. 1963). The Court noted that, to the extent a transitory cause of action was alleged at all, it was "only secondary to the primary cause of action that must be tried in a specific place." *Id.* Ultimately, the Court held that "[t]he breach upon which the cause of this complaint is based arose

8

when appellant failed to release leases which were clouds on title existing on the records of Toole County. The real property involved is also located in Toole County. It follows that Toole County is the location where the cause of this complaint arose." *Id.* Thus, venue was proper in Toole County, where the land was located, not Lewis and Clark County, where the plaintiff resided. *Id.*; *see also Fraser v. Clark*, 273 P.2d 105, 115 (Mont. 1954) ("It is the policy of the law of this jurisdiction that all transactions affecting the title to real property shall be matters of record in the county wherein the real property is situate [sic] to the end that those concerned may ascertain the condition of such title by an examination of the public records of the particular county wherein such real property is located."); *Heinecke v. Scott*, 26 P.2d 167, 168 (Mont. 1933) ("[T]he action is one to remove a cloud on title. Such an action is in rem.").

Considered together, Goulette's allegations and the relief sought in his Verified Complaint indicate that the essence of this case is to adjudicate an interest in real property, which is a local action under Montana law. Because the real property at issue is in New Hampshire, this Court lacks subject matter jurisdiction over the case. *See Eldee-K*, 748 F.3d at 953.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that United Wholesale's motion to dismiss (Doc. 7) is GRANTED and this case is DISMISSED for lack of subject

9

matter jurisdiction. The Clerk is directed to enter a judgment of dismissal and close the case file.

DATED this 20th day of February, 2025.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court